# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| DARIN MARTIN and DENISE MARTIN, ) | |
| ) | |
| Plaintiffs. ) | |
| ) | |
| v. ) | Case No. 05-3407-CV-S-GAF |
| ) | |
| ASSOCIATED WHOLESALE GROCERS, ) | |
| INC., CROWN EQUIPMENT CORP., LIFT ) | |
| TRUCK SALES & SERVICE, INC., and ) | |
| UNITED MACHINERY & SUPPLY CO., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Presently before the Court is a Motion to Remand filed by the Plaintiffs, Darin Martin and Denise Martin. (Doc. #14). The Plaintiffs contend that this case should be remanded because the Defendants, Associated Wholesale Grocers, Inc. ("Associated") and Crown Equipment Corp. ("Crown"), have failed to meet their burden of proving that Lift Truck Sales & Service, Inc. ("Lift Truck") and United Machinery & Supply Co. ("United Machinery") have been fraudulently joined by the Plaintiffs to defeat this Court's diversity jurisdiction. Id. Associated and Crown oppose the present Motion arguing that the Plaintiffs may not recover damages from either Lift Truck or United Machinery on their claims of strict products liability and negligence because neither Lift Truck nor United Machinery are considered to be in the "chain of commerce" pursuant to Missouri law. (Doc. #22, #22). Having carefully considered the facts and arguments presented by the parties, the Plaintiffs' Motion to Remand is DENIED.

**DISCUSSION**

**I.     Facts**

On February 23, 2003, Darin Martin ("Martin") was injured while operating a Crown forklift in a warehouse operated and maintained by Associated. (Doc. #15). While operating the forklift, Martin encountered some slick metal rails embedded in the warehouse floor. Id. Martin was thrown from the forklift, which lacked a door, and crushed between the forklift and a concrete post. Id.

Martin filed this action in Missouri state court on July 12, 2004 seeking compensation for the permanent and disabling injuries he suffered in the previously described forklift accident. Id. In his Petition, Martin asserted claims against Associated for premises liability, strict products liability and negligence. Id. Martin asserted claims against Crown for strict products liability and negligence. Id. Defendants removed Martin's case to this Court on August 19, 2004 on the basis of diversity jurisdiction. Id.

Following removal, Martin contends that he became aware of the identity of two additional entities against whom he could seek relief. Id. In response to a request to produce documents, Crown provided Martin with a document titled, "Installation Report Warranty Registration" wherein Clarklift of Kansas City, Inc.[1] is identified as the "Crown Dealer (Selling)" and United Machinery & Supply Co. is identified as the "Crown Dealer (Installing)." (Doc. #14, Ex. 1). Rather than joining Lift Truck and United Machinery in the lawsuit, Martin sought to voluntarily dismiss the action without prejudice pursuant to Fed. R. Civ. P. 41(a)(2) ("Rule 41(a)(2)") and refile his lawsuit against all four Defendants (Associated, Crown, Lift Truck and United Machinery) in state court. (Doc. #15). On July 15, 2005, this Court granted the Plaintiffs'

---

[1] Lift Truck was formerly known as "Clarklift of Kansas City." (Doc. #15).

Motion to Voluntarily Dismiss[2] on the condition that the Plaintiffs pay reasonable fees and costs to Associated and Crown related to their defense of the lawsuit. Id. On July 18, 2005, the Plaintiffs paid $8,984.58 to Associated and $9,474.00 to Crown and voluntarily dismissed their case in order to re-file it in state court. Id.

On July 22, 2005, the Plaintiffs filed the present lawsuit in the Circuit Court of Greene County, Missouri against Associated, Crown, Lift Truck and United Machinery. Id. In the Complaint, the Plaintiffs asserted claims for strict liability and negligence against Lift Truck and United Machinery. (Doc. #1, Attach. 2). The Plaintiffs contend that these two entities are liable under these theories as participants in the stream of commerce through which the forklift flowed. Id.

On August 29, 2005, Defendants Associated and Crown removed the action to this Court. Id. In response, the Plaintiffs filed this Motion to Remand.[3] (Doc. #14). Defendants Associated and Crown argue that this Court has jurisdiction over the Plaintiffs' lawsuit pursuant to 28 U.S.C. § 1332 and that Lift Truck and United Machinery, both Missouri corporations, have been fraudulently named as Defendants in this lawsuit for the sole purpose of destroying the Court's diversity jurisdiction. (Doc. #21, #22). The Plaintiffs contend that Defendants Associated and Crown have failed to meet their burden of proving that

---

[2]In opposing the Plaintiffs' Motion to Voluntarily Dismiss, Defendants Associated and Crown argued that the Plaintiffs should not be permitted to dismiss their cause of action and refile in state court naming Lift Truck and United Machinery as additional Defendants because these additional Defendants were being fraudulently joined solely for the purpose of defeating the Court's diversity jurisdiction. The Court did not address this argument, finding that it was unnecessary to consider the merits of Martin's potential claims against Lift Truck and United Machinery when determining whether a dismissal without prejudice pursuant to Rule 41(a)(2) is proper.

[3]The parties have stayed this case pending the Court's decision on the Plaintiffs' Motion to Remand. (Doc. # 19).

there is no possibility that the Plaintiffs can maintain a cause of action under Missouri law against either United or Lift Truck. (Doc. #15).

**II.    Standard**

For a defendant to remove an action to federal court, the case must be within the original jurisdiction of the federal court. 28 U.S.C. § 1441(a). "Federal courts are courts of limited jurisdiction," and a federal court must therefore determine its jurisdiction as a threshold matter. Kessler v. Nat'l Enter., Inc., 347 F.3d 1076, 1081 (8th Cir. 2003) *quoting* Godfrey v. Pulitzer Publ'g Co., 161 F.3d 1137, 1141 (8th Cir. 1998), *cert denied* 526 U.S. 1098 (1999). "As the party seeking removal and opposing remand, [defendants have] the burden of establishing federal subject matter jurisdiction." In re Bus. Men's Assurance Co. of Am., 992 F.2d 181, 183 (8th Cir. 1993) (per curiam) *citing* Bor-Son Bldg. Corp. v. Heller, 572 F.2d 174, 181 n. 13 (8th Cir. 1978).

In this case, Defendants Associated and Crown assert that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), which provides jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000" and the dispute is between "citizens of different States." (Doc. #1). However, under 28 U.S.C. § 1441(b), a defendant may not remove an action to federal court based on diversity of citizenship if any defendant "is a citizen of the State in which the action is brought." Thus, the presence of Lift Truck and United Machinery, both of which are Missouri corporations, is considered a jurisdictional defect which defeats diversity jurisdiction under 28 U.S.C. § 1441(b). *See* Hunt v. Dow Chem. Co., 963 F.2d 1142, 1145-1146 (8th Cir. 1992).

Where diversity jurisdiction is lacking, "the [defendants] may avoid remand–in the absence of a substantial federal question–only by demonstrating that the non-diverse party was fraudulently joined." Filla v. Norfolk S. Ry. Co., 336 F.3d 806, 809 (8th Cir. 2003) *citing* Wiles v. Capitol Indemnity Corp., 280

F.3d 868, 871 (8th Cir. 2002). The Eighth Circuit has defined fraudulent joinder as "the filing of a frivolous or otherwise illegitimate claim against a non-diverse defendant solely to prevent removal." Filla, 336 F.3d at 809.

Defendants Associated and Crown carry the burden of establishing that Lift Truck and United Machinery were fraudulently joined. Defendants Associated and Crown must show that "applicable state precedent precludes the existence of a cause of action" against both Lift Truck and United Machinery. *See* Id. at 810. If there is a "colorable cause of action," meaning that state law *might* impose liability on either Lift Truck or United Machinery under the facts alleged, then there is no fraudulent joinder and this Court cannot exercise jurisdiction. *See* Id. (emphasis added). "In making such a prediction, the district court should resolve all facts and ambiguities in the current controlling substantive law in Plaintiff's favor." Id. at 811. However, federal courts have "no responsibility to *definitively* settle ambiguous questions of state law." Id. (emphasis in original). Instead, the Court's "task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." Id. Thus, the "better practice is for federal courts not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide." Id. *quoting* Iowa Pub. Serv. Co. v. Medicine Bow Coal Co., 556 F.2d 400, 406 (8th Cir. 1977).

**III. Analysis**

    *A. Strict Liability*

The Plaintiffs contend that there is a reasonable basis for predicting that Missouri law would impose liability on Lift Truck and United Machinery under a strict products liability theory. (Doc. #15). In Keener v. Dayton Electric Manufacturing Co., 445 S.W.2d 362, 364 (Mo. 1969), the Missouri Supreme Court

adopted the rule of strict liability in defective product claims defined in Restatement (Second) of Torts § 402A. Gramex Corp. v. Green Supply, Inc., 89 S.W.3d 432, 438-39 (Mo. 2002) (en banc). Restatement (Second) of Torts § 402A provides:

> (1) One who **sells** any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property if
>   (a) the seller is engaged in the business of selling such a product, and
>   (b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.
> (2) The rule stated in Subsection (1) applies although
>   (a) the seller has exercised all possible care in the preparation and sale of his product, and
>   (b) the user or consumer has not bought the product from or entered into any contractual relation with the seller.

(emphasis added). The Missouri Court of Appeals considered the definition of "sells" in Gunderson v. Sani-Kem Corp., 674 S.W.2d 665, 668 (Mo. App. W.D. 1984) and concluded:

> The word 'sells' within the Restatement rule of strict liability is merely descriptive, and the test for determining the applicability of the rule is not the sale of the product, but rather the placing thereof in commerce. Thus, liability is imposed on all those in the chain of placing a defective product in the stream of commerce, and the product need not be actually sold if it has been injected in the stream of commerce by other means. Under the stream-of-commerce approach to strict liability no precise legal relationship to the member of the enterprise causing the defect to be manufactured or to the member most closely connected with the customer is required before the courts will impose strict liability; it is the defendant's *participatory connection, for his personal profit or other benefit*, with the injury-producing product and *with the enterprise that created consumer demand for and reliance upon the product* which calls for the imposition of strict liability.

(emphasis in original).

In their Complaint, the Plaintiffs allege that the Defendants Lift Truck and United Machinery are liable for damages under a theory of strict liability because Lift Truck and United Machinery "sold, maintained, supplied, assembled, repaired, and/or installed Crown forklift model 45RRTT, Serial

#1A19761 to/for [Associated], injecting said forklift into the stream of commerce" and "directly profited from the injection of forklift 45RRTT, Serial #1A19761 into the stream of commerce." (Pl.'s Compl.).

The Plaintiffs contend that Lift Truck participated in placing the defective forklift in the stream of commerce and derived a "profit or other benefit" from its actions because it received a 25 percent commission on the sale of the forklift. The Plaintiffs further contend that Lift Truck is a proper Defendant in a strict products liability action because it was listed on the Installation Report and Warranty Registration form as the "Crown Dealer (Selling)." The Plaintiffs admit that no Missouri Court has specifically addressed whether the receipt of a sales commission, standing alone, is sufficient to confer liability on a theory of strict products liability.

The Plaintiffs contend that United Machinery participated in placing the defective forklift in the stream of commerce because it installed the forklift and ran through the final checklist on the forklift. The Plaintiffs allege that United Machinery received a "profit or other benefit" from Associated for the installation of the forklift. The Plaintiffs admit that no Missouri Court has specifically addressed whether the installation of a defective product, standing alone, is sufficient to place an entity in the "chain of commerce."

The Defendants argue that the "chain of commerce" standard which Missouri courts apply to strict products liability claims has been narrowly interpreted by the Eighth Circuit. The Eighth Circuit has recognized that Missouri courts have adopted the standard of strict products liability articulated in § 402A of the Restatement (Second) of Torts and have consistently required a plaintiff to prove that a defendant "placed a defective product in the stream of commerce" in order to recover damages. Ford v. GACS, Inc., 265 F.3d 670, 680 (8th Cir. 2001) *quoting* Bailey v. Innovative Mgmt. & Inv., Inc., 916 S.W.2d 805, 807-08 (Mo. Ct. App. 1995) *quoting* Gunderson, 674 S.W.2d at 668. Upon its review of Missouri

law, the Eighth Circuit noted that "Missouri courts 'have confined the reach of [the products liability] doctrine to distributors either by sale, lease, or bailment.'" Ford, 265 F.3d at 681 *quoting* Wright v. Newman, 735 F.2d 1073, 1079 (8th Cir. 1984). The Eighth Circuit concluded, "We have not found any Missouri cases, nor have the parties directed us to any, that have extended products liability beyond those entities." Ford, 265 F.3d at 681.

Based on the holding in Ford, Defendants Crown and Associated argue that neither Lift Truck nor United Machinery placed the defective forklift in the stream of commerce because neither entity distributed the forklift by sale, lease or bailment. Defendant Crown contends that it was solely responsible for selling the forklift to Associated as evidenced by the sales invoice and purchase order. (Doc. #21). According to the handwritten notation, "Direct Bill," on the sales invoice, Crown asserts that the funds for the purchase of the forklift did not go through Lift Truck, but rather went directly to Crown from Associated. (Doc. #21, Ex. B, Ex. 2). The purchase order was faxed directly to Crown in New Bremen, Ohio by Associated. (Doc. #21, Ex. B, Ex. 3). The purchase order instructs Crown to bill Joe Peretta, Corporate Director of Purchasing at Associated in Kansas City, Kansas and directs Crown to ship the forklift to the Associated warehouse in Springfield where Martin's accident occurred. Id. Defendant Associated asserts that Lift Truck did not participate in the sale of the forklift whatsoever. (Doc. #22) According to Associated, Lift Truck did not contact Associated about the sale, negotiate the terms of the sale or involve itself in any other way in consummating the sale. Id. Apparently, Lift Truck was entitled to the commission pursuant to a dealer agreement with Crown, rather than for its active participation in the actual sale. Id. *See also* Doc. #21.

Pursuant to the Eighth Circuit's articulation of Missouri law in Ford, this Court finds that the Plaintiffs are precluded from recovering damages from Defendants Lift Truck and United Machinery under

a theory of strict products liability. Neither Lift Truck nor United Machinery distributed the forklift by sale, lease or bailment. Consistent with the Eighth Circuit's interpretation of Missouri law, Lift Truck and United Machinery may not be held liable to the Plaintiffs for the damages they sustained as a result of the forklift accident. Accordingly, the Court finds that the Eighth Circuit's interpretation of Missouri law in Ford precludes the existence of a cause of action for strict products liability against both Lift Truck and United Machinery. Therefore, Lift Truck and United Machinery have been fraudulently joined to defeat diversity jurisdiction.

### B.    *Negligence*

In their Suggestions in Support of the present Motion, the Plaintiffs focus entirely on the strict liability claims they have asserted against Lift Truck and United Machinery. (Doc. #15). Nevertheless, Defendant Crown provided the Court with a cursory analysis of the negligence claims. (Doc. #21, #22). In their Reply, the Plaintiffs generically refer to the negligence claims on two occasions in connection with the strict products liability claims. (Doc. #23). As the Plaintiffs do not provide the Court with a meaningful challenge to the Defendants' assertion that the Plaintiffs have failed to state a colorable cause of action for negligence against Lift Truck and United Machinery, the Court finds that Lift Truck and United Machinery have been fraudulently joined to defeat diversity jurisdiction.

### CONCLUSION

As neither Lift Truck nor United Machinery distributed the defective forklift by "sale, lease or bailment," the Plaintiffs are preclude from recovering damages from these entities on a theory of strict products liability. Furthermore, the Plaintiffs failed to present any meaningful arguments to challenge the Defendant's contention that Missouri law precludes recovery on a negligence theory against Lift Truck and United Machinery. Accordingly, the Court finds that Defendants Lift Truck and United Machinery have

been fraudulently joined for the purpose of defeating diversity jurisdiction. The Plaintiff's Motion to Remand is DENIED and Defendants Lift Truck and United Machinery are HEREBY DISMISSED.

**IT IS SO ORDERED.**

                                               /s/ Gary A. Fenner
                                             GARY A. FENNER, JUDGE
                                              United States District Court

DATED: April 25, 2006